No. 26-10858

# In the United States Court of Appeals for the Eleventh Circuit

NEIMA BENAVIDES, ET AL.,
*Plaintiffs–Appellees*,

v.

TESLA, INC.,
*Defendant–Appellant*.

## BRIEF OF FLORIDA, ALABAMA, AND GEORGIA, AS *AMICI CURIAE* IN SUPPORT OF APPELLANT

On Appeal from the United States District Court
for the Southern District of Florida
NO. 1:21-CV-21940-BB

JAMES UTHMEIER
  *Attorney General*

RYAN D. NEWMAN
  *Chief Deputy Attorney General*

DAVID M.S. DEWHIRST
  *Solicitor General*

JASON J. MUEHLHOFF
  *Chief Deputy Solicitor General*

VINCENT H. LI
  *Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*david.dewhirst@myfloridalegal.com*

July 9, 2026

*Benavides v. Tesla, Inc.*, No. 26-10858

## CERTIFICATE OF INTERESTED PERSONS

The State of Florida certifies that, to the best of its knowledge, the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3:

1.  Alabama, Amicus Curiae

2.  Alabama Service LLC, subsidiary of Defendant-Appellant Tesla, Inc.

3.  All EV Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

4.  Allegheny Solar 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

5.  Allegheny Solar Manager 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

6.  Alset Transport GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

7.  Alset Warehouse GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

8.  Ancon Holdings II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

9.  Ancon Holdings III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

10. Ancon Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

11.  Ancon Solar Corporation, subsidiary of Defendant-Appellant Tesla, Inc.

12.  Ancon Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

13.  Ancon Solar II Lessee Manager, LLC, subsidiary of Defendant Appellant Tesla, Inc.

14.  Ancon Solar II Lessee, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

15.  Ancon Solar II Lessor, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

16.  Ancon Solar III Lessee Manager, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

17.  Ancon Solar III Lessee, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

18.  Ancon Solar III Lessor, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

19.  Ancon Solar Managing Member I, LLC, subsidiary of Defendant Appellant Tesla, Inc.

20.  Angulo, Dillon, Plaintiff-Appellee.

21.  Arias Sanguinetti Wang & Torrijos, LLP, former counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

22.  Arpad Solar Borrower, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

23.  Arpad Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

24.  Arpad Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

25.  AU Solar 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

26.  AU Solar 2, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

27.  Banyan SolarCity Manager 2010, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

28.  Banyan SolarCity Owner 2010, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

29.  Barbacoa Battery Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

30.  Basking Solar Manager II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

31.  Bass, Hilarie, counsel for Defendant-Appellant Tesla, Inc.

32.  Bass Institute, counsel for Defendant-Appellant Tesla, Inc.

33.  Beatrix Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

34.  Benavides, Neima, Personal Representative of the Estate of Naibel Benavides Leon, deceased, Plaintiff-Appellee.

35.  Bernese Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

36.  Birnbaum, Carmela, counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

37.  Bloom, Hon. Beth, U.S. District Court Judge for the Southern District of Florida.

38.  Blue Skies Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

39.  Blue Skies Solar II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

40.  Boumel, Adam T., counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

41.  Boutrous, Jr., Theodore J., counsel for Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

42. Bowman and Brooke LLP, counsel for Defendant-Appellant Tesla, Inc.

43. Branigan, Drew P., counsel for Defendant-Appellant Tesla, Inc.

44. Branigan, Thomas P., counsel for Defendant-Appellant Tesla, Inc.

45. BT Connolly Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

46. BT Smith Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

47. Caballero Solar Managing Member I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

48. Caballero Solar Managing Member II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

49. Caballero Solar Managing Member III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

50. Carr, Chris, counsel for Amicus Curiae Georgia

51. Castello Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

52. Castello Solar II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

53. Castello Solar III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

54. Chaparral SREC Borrower, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

55. Chaparral SREC Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

56. Chestnut Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

57. Chompie Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

58. Chompie Solar II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

59. Chompie Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

60. Chompie Solar Manager II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

61. Clement, Paul D., counsel for Defendant-Appellant Tesla, Inc.

62. Clement & Murphy, PLLC, counsel for Defendant-Appellant Tesla, Inc.

63. Cole, Scott, Kissane P.A., former counsel for Defendant-Appellant Tesla, Inc.

64. Colorado River Project, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

65. Community Solar Partners, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

66. Compass Automation Incorporated, subsidiary of Defendant-Appellant Tesla, Inc.

67. Connecticut Auto Repair and Service LLC, subsidiary of Defendant-Appellant Tesla, Inc.

68. Cooley LLP, counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

69. Corpus Battery Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

70. Cruz, Whitney V., counsel for Defendant-Appellant Tesla, Inc.

71. Dewhirst, David M.S., counsel for Amicus Curiae Florida

72. Dupree, Jr., Thomas H., counsel for Defendant-Appellant Tesla, Inc.

73. Eaton & Wolk, P.L., counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

74. Eaton, Douglas F., counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

75. El Rey EV, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

76. Estrada, Miguel A., counsel for Defendant-Appellant Tesla, Inc.

77. Falconer Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

78. Firehorn Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

79. Firehorn Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

80. Florida, Amicus Curiae

81. FocalPoint Solar Borrower, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

82. FocalPoint Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

83. FocalPoint Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

84. Fontane Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

85. Fotovoltaica GI 4, S. de R.L. de C.V., subsidiary of Defendant-Appellant Tesla, Inc.

86. Fotovoltaica GI 5, S. de R.L. de C.V., subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

87. FP System Owner, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

88. Georgia, Amicus Curiae

89. Gibson, Dunn & Crutcher LLP, counsel for Defendant-Appellant Tesla, Inc.

90. Giga Insurance Texas, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

91. Giga Texas Energy, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

92. Goldilocks Battery Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

93. Guilder Solar, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

94. Hamilton Solar, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

95. Hanumadass, Satyasrinivas, counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

96. Harborfields LLC, subsidiary of Defendant-Appellant Tesla, Inc.

97. Harpoon Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

98. Harpoon Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

99. Haymarket Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

100. Haymarket Manager 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

101. Haymarket Solar 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

102. Hernandez, Sean, former counsel for Defendant-Appellant Tesla, Inc.

103. Hibar Systems Europe GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

104. Hive Battery Inc., subsidiary of Defendant-Appellant Tesla, Inc.

105. Ikehu Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

106. IL Buono Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

107. Iliosson, S.A. de C.V., subsidiary of Defendant-Appellant Tesla, Inc.

108. Industrial Maintenance Technologies, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

109. Judge, Nicole L., former counsel for Plaintiff-Appellee Neima Benavides.

110. Kansas Repair LLC, subsidiary of Defendant-Appellant Tesla, Inc.

111. Klamath Falls Solar 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

112. Knight Solar Managing Member I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

113. Knight Solar Managing Member II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

114. Knight Solar Managing Member III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

115. Landlord 2008-A, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

116. Li, Diana G., counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

*Benavides v. Tesla, Inc.*, No. 26-10858

117. Li, Vincent H., counsel for Amicus Curiae Florida

118. Lincoln Auto Repair and Service LLC, subsidiary of Defendant-Appellant Tesla, Inc.

119. Louis, Hon. Lauren F., U.S. Magistrate Judge for the Southern District of Florida.

120. Louis Solar II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

121. Louis Solar III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

122. Louis Solar Manager II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

123. Louis Solar Manager III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

124. Louis Solar Master TenantI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

125. Louis Solar MT Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

126. Louis Solar Owner I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

127. Louis Solar Owner Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

128. Lumish, Wendy F., counsel for Defendant-Appellant Tesla, Inc.

129. Marshall, Steve, counsel for Amicus Curiae Alabama.

130. Master Tenant 2008-A, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

131. Matterhorn Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

132. Maxwell Technologies, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

133. Megalodon Solar, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

134. MISO 1 Battery Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

135. Monte Rosa Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

136. Moore, Hon. K. Michael, U.S. District Court Judge for the Southern District of Florida.

137. Mound Solar Manager V, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

138. Mound Solar Manager VI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

139. Mound Solar Manager X, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

140. Mound Solar Manager XI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

141. Mound Solar Manager XII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

142. Mound Solar Master Tenant IX, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

143. Mound Solar Master Tenant V, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

144. Mound Solar Master Tenant VI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

145. Mound Solar Master Tenant VII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

146. Mound Solar Master Tenant VIII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

147. Mound Solar MT Manager IX, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

148. Mound Solar MT Manager VII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

149. Mound Solar MT Manager VIII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

150. Mound Solar Owner IX, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

151. Mound Solar Owner Manager IX, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

152. Mound Solar Owner Manager VII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

153. Mound Solar Owner Manager VIII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

154. Mound Solar Owner V, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

155. Mound Solar Owner VI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

156. Mound Solar Owner VII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

157. Mound Solar Owner VIII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

158. Mound Solar Partnership X, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

159. Mound Solar Partnership XI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

160. Mound Solar Partnership XII, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

161. MS SolarCity 2008, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

162. MS SolarCity Commercial 2008, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

163. MS SolarCity Residential 2008, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

164. Muehlhoff, Jason J., counsel for Amicus Curiae Florida

165. New Mexico Sales and Vehicle Service LLC, subsidiary of Defendant-Appellant Tesla, Inc.

166. NBA SolarCity AFB, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

167. NBA SolarCity Commercial I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

168. NBA SolarCity Solar Phoenix, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

169. Northern Nevada Research Co., LLC, subsidiary of Defendant-Appellant Tesla, Inc.

170. Oranje Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

171. Oranje Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

172. Ortega, Sahily, former counsel for Defendant-Appellant Tesla, Inc.

173. Otazo-Reyes, Hon. Alicia M., Retired U.S. Magistrate Judge for the Southern District of Florida.

174. Palmetto Auto Repair and Service LLC, subsidiary of Defendant-Appellant Tesla, Inc.

175. Paramount Energy Fund I Lessee, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

176. Paramount Energy Fund I Lessor, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

177. PEF I MM, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

178. Perbix Machine Company, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

179. Poon, Julian W., counsel for Defendant-Appellant Tesla, Inc.

180. Poses Law Group (f/k/a Poses & Poses, P.A.), counsel for Plaintiff-Appellee Neima Benavides.

181. Poses, Todd, counsel for Plaintiff-Appellee Neima Benavides.

182. Prelogar, Elizabeth, counsel for counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo

183. Presidio Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

184. Presidio Solar II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

185. Presidio Solar III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

186. Pukana La Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

187. R9 Solar 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

188. Ratner, Morgan L., counsel for Defendant-Appellant Tesla, Inc.

189. Revesz, Joshua, counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

190. Rhodes IV, C. Harker, counsel for Defendant-Appellant Tesla, Inc.

191. Roadster Automobile Sales and Service (Beijing) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

192. Roadster Finland Oy, subsidiary of Defendant-Appellant Tesla, Inc.

193. Rousso, Darren J., counsel for Plaintiff-Appellee Dillon Angulo.

194. The Rousso Law Firm (f/k/a The Roussa, Boumel Law Firm), counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

195. Salas, Henry, former counsel for Defendant-Appellant Tesla, Inc.

196. Sanguinetti, Elise R., former counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

197. SA VPP Holding Trust, subsidiary of Defendant-Appellant Tesla, Inc.

198. Schreiber, Brett, counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

199. Sealy Power LLC, subsidiary of Defendant-Appellant Tesla, Inc.

200. Sequoia Pacific Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

201. Sequoia Pacific Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

202. Sequoia Pacific Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

203. Sequoia SolarCity Owner I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

204. Sierra Solar Power (Hong Kong) Limited, subsidiary of Defendant-Appellant Tesla, Inc.

205. SiiLion, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

206. Silevo, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

207. Singleton Schreiber, counsel for Plaintiffs-Appellees Neima Benavides and Dillon Angulo.

208. Slavik, Donald H., former counsel for Plaintiff-Appellee Neima Benavides.

*Benavides v. Tesla, Inc.*, No. 26-10858

209.  Slavik Law Firm, LLC, former counsel for Plaintiff-Appellee Neima Benavides.

210.  Smith II Battery Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

211.  Smith, Joel H., counsel for Defendant-Appellant Tesla, Inc.

212.  Solar Aquarium Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

213.  Solar Energy of America 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

214.  Solar Energy of America Manager 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

215.  Solar Explorer, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

216.  Solar Gezellig Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

217.  Solar House I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

218.  Solar House II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

219.  Solar House III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

220.  Solar House IV, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

221.  Solar Integrated Fund I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

222.  Solar Integrated Fund II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

223.  Solar Integrated Fund III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

224.  Solar Integrated Fund IV-A, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

225. Solar Integrated Fund V, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

226. Solar Integrated Fund VI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

227. Solar Integrated Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

228. Solar Integrated Manager II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

229. Solar Integrated Manager III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

230. Solar Integrated Manager IV-A, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

231. Solar Integrated Manager V, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

232. Solar Integrated Manager VI, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

233. Solar Services Company, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

234. Solar Ulysses Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

235. Solar Ulysses Manager II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

236. Solar Voyager, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

237. Solar Warehouse Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

238. Solar Warehouse Manager II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

239. Solar Warehouse Manager III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

240. Solar Warehouse Manager IV, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

241. SolarCity Alpine Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

242. SolarCity Amphitheatre Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

243. SolarCity Arbor Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

244. SolarCity Arches Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

245. SolarCity AU Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

246. SolarCity Cruyff Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

247. SolarCity Electrical, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

248. SolarCity Electrical New York Corporation, subsidiary of Defendant-Appellant Tesla, Inc.

249. SolarCity Finance Company, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

250. SolarCity Finance Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

251. SolarCity Foxborough Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

252. SolarCity FTE Series 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

253. SolarCity FTE Series 2, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

254. SolarCity Fund Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

255. SolarCity Grand Canyon Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

256. SolarCity Holdings 2008, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

257. SolarCity International, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

258. SolarCity Leviathan Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

259. SolarCity LMC Series I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

260. SolarCity LMC Series II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

261. SolarCity LMC Series III, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

262. SolarCity LMC Series IV, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

263. SolarCity LMC Series V, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

264. SolarCity Mid-Atlantic Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

265. SolarCity Nitro Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

266. SolarCity Orange Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

267. SolarCity Series Holdings I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

268. SolarCity Series Holdings II, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

269. SolarCity Series Holdings IV, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

270. SolarCity Steep Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

271. SolarCity Ulu Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

272. SolarCity Village Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

273. SolarRock, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

274. SolarStrong, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

275. Sparrowhawk Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

276. SREC Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

277. Sullivan & Cromwell LLP, counsel for Defendant-Appellant Tesla, Inc.

278. Swanson Battery Storage, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

279. TALT Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

280. TEO Engineering, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

281. Terry, David W., former counsel for Plaintiff-Appellee Neima Benavides.

282. TES 2017-1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

283. TES Holdings 2017-1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

284. Tesla Auto Lease Trust 2021-B, subsidiary of Defendant-Appellant Tesla, Inc.

285. Tesla Auto Lease Trust 2023-B, subsidiary of Defendant-Appellant Tesla, Inc.

286. Tesla Auto Lease Trust 2024-A, subsidiary of Defendant-Appellant Tesla, Inc.

287. Tesla Auto Lease Trust 2024-B, subsidiary of Defendant-Appellant Tesla, Inc.

288. Tesla Electric Vehicle Trust 2023-1, subsidiary of Defendant-Appellant Tesla, Inc.

289. Tesla Autobidder International B.V., subsidiary of Defendant-Appellant Tesla, Inc.

290. Tesla Automation GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

291. Tesla Automation (Shanghai) Co. Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

292. Tesla Automobile Information Service (Dalian) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

293. Tesla Automobile Management and Service (Haikou) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

294. Tesla Automobile Sales and Service (Beijing) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

295. Tesla Automobile Sales and Service (Changchun) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

296.  Tesla Automobile Sales and Service (Changsha) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

297.  Tesla Automobile Sales and Service (Chengdu) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

298.  Tesla Automobile Sales and Service (Chongqing) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

299.  Tesla Automobile Sales and Service (Dalian) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

300.  Tesla Automobile Sales and Service (Fuzhou) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

301.  Tesla Automobile Sales and Service (Guangzhou) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

302.   Tesla Automobile Sales and Service (Guangzhou Panyu District) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

303.  Tesla Automobile Sales and Service (Guiyang) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

304.  Tesla Automobile Sales and Service (Haerbin) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

305.  Tesla Automobile Sales and Service (Hangzhou) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

306.  Tesla Automobile Sales and Service (Hefei) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

307.  Tesla Automobile Sales and Service (Hohhot) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

308.  Tesla Automobile Sales and Service (Jinan) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

309.  Tesla Automobile Sales and Service (Kunming) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

310. Tesla Automobile Sales and Service (Lanzhou) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

311. Tesla Automobile Sales and Service (Nanchang) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

312. Tesla Automobile Sales and Service (Nanjing) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

313. Tesla Automobile Sales and Service (Nanning) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

314. Tesla Automobile Sales and Service (Ningbo) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

315. Tesla Automobile Sales and Service (Ordos City) Co., Ltd, subsidiary of Defendant-Appellant Tesla, Inc.

316. Tesla Automobile Sales and Service (Qingdao) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

317. Tesla Automobile Sales and Service (Shanghai) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

318. Tesla Automobile Sales and Service (Shenyang) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

319. Tesla Automobile Sales and Service (Shenzhen) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

320. Tesla Automobile Sales and Service (Shijiazhuang) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

321. Tesla Automobile Sales and Service (Suzhou) Co. Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

322. Tesla Automobile Sales and Service (Taiyuan) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

323. Tesla Automobile Sales and Service (Tianjin) Co. Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

324. Tesla Automobile Sales and Service (Urumqi) Co. Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

325. Tesla Automobile Sales and Service (Wenzhou) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

326. Tesla Automobile Sales and Service (Wuhan) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

327. Tesla Automobile Sales and Service (Wuxi) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

328. Tesla Automobile Sales and Service (Xi'an) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

329. Tesla Automobile Sales and Service (Xiamen) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

330. Tesla Automobile Sales and Service (Xining) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

331. Tesla Automobile Sales and Service (Yinchuan) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

332. Tesla Automobile Sales and Service (Zhengzhou) Co. Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

333. Tesla Automobiles Sales and Service Mexico, S. de R.L. de C.V., subsidiary of Defendant-Appellant Tesla, Inc.

334. Tesla (Beijing) New Energy R&D Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

335.  Tesla Belgium BV, subsidiary of Defendant-Appellant Tesla, Inc.

336. Tesla Canada Finance ULC, subsidiary of Defendant-Appellant Tesla, Inc.

337. Tesla Canada Lease Finance GP ULC, subsidiary of Defendant-Appellant Tesla, Inc.

338. Tesla Canada Lease FinanceLP, subsidiary of Defendant-Appellant Tesla, Inc.

339. Tesla LLC, subsidiary of Defendant-Appellant Tesla, Inc.

340. Tesla Chile SpA, subsidiary of Defendant-Appellant Tesla, Inc.

341. Tesla Construction Inc., subsidiary of Defendant-Appellant Tesla, Inc.

342. Tesla Construction (Shanghai) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

343. Tesla Czech Republic s.r.o., subsidiary of Defendant-Appellant Tesla, Inc.

344. Tesla Energia Macau Limitada, subsidiary of Defendant-Appellant Tesla, Inc.

345. Tesla Engineering Germany GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

346. Tesla Energy d.o.o., subsidiary of Defendant-Appellant Tesla, Inc.

347. Tesla Energy Management LLC, subsidiary of Defendant-Appellant Tesla, Inc.

348. Tesla Energy Operations, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

349. Tesla Energy Ventures Australia Pty Ltd, subsidiary of Defendant-Appellant Tesla, Inc.

350. Tesla Energy Ventures France S.à r.l., subsidiary of Defendant-Appellant Tesla, Inc.

351. Tesla Energy Ventures Limited, subsidiary of Defendant-Appellant Tesla, Inc.

352. Tesla Energy Ventures, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

353. Tesla Energy Ventures Holdings B.V., subsidiary of Defendant-Appellant Tesla, Inc.

354. Tesla Estonia OÜ, subsidiary of Defendant-Appellant Tesla, Inc.

355. Tesla EV Vault, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

356. Tesla Finance LLC, subsidiary of Defendant-Appellant Tesla, Inc.

357. Tesla Financial Leasing (China) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

358. Tesla Financial Services GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

359. Tesla Financial Services Holdings B.V., subsidiary of Defendant-Appellant Tesla, Inc.

360. Tesla Financial Services Limited, subsidiary of Defendant-Appellant Tesla, Inc.

361. Tesla Financial Services France S.à r.l., subsidiary of Defendant-Appellant Tesla, Inc.

362. Tesla Fleet Operations LLC, subsidiary of Defendant-Appellant Tesla, Inc.

363. Tesla France S.à r.l., subsidiary of Defendant-Appellant Tesla, Inc.

364. Tesla Germany GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

365. Tesla General Insurance (TX), subsidiary of Defendant-Appellant Tesla, Inc.

366. Tesla General Insurance, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

367. Tesla Greece Single Member P.C., subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

368. Tesla Gulf Limited Company, subsidiary of Defendant-Appellant Tesla, Inc.

369. Tesla Hrvatska d.o.o., subsidiary of Defendant-Appellant Tesla, Inc.

370. Tesla Hungary Kft., subsidiary of Defendant-Appellant Tesla, Inc.

371. Tesla, Inc. (NASDAQ: TSLA), Defendant-Appellant.

372. Tesla India Motors and Energy Private Limited, subsidiary of Defendant-Appellant Tesla, Inc.

373. Tesla Insurance Brokers (China) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

374. Tesla Insurance Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

375. Tesla Insurance, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

376. Tesla Insurance Company, subsidiary of Defendant-Appellant Tesla, Inc.

377. Tesla Insurance Company of Hawaii, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

378. Tesla Insurance Services, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

379. Tesla Insurance Services of Texas, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

380. Tesla International B.V., subsidiary of Defendant-Appellant Tesla, Inc.

381. Tesla Italy S.r.l., subsidiary of Defendant-Appellant Tesla, Inc.

382. Tesla Jordan Car Trading LLC, subsidiary of Defendant-Appellant Tesla, Inc.

383. Tesla Korea Limited, subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

384. Tesla Latvia SIA, subsidiary of Defendant-Appellant Tesla, Inc.

385. Tesla Lease Electric Vehicle Securitization 2025-A, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

386. Tesla Lease Trust, subsidiary of Defendant-Appellant Tesla, Inc.

387. Tesla Lithuania UAB, subsidiary of Defendant-Appellant Tesla, Inc.

388. Tesla LLC, subsidiary of Defendant-Appellant Tesla, Inc.

389. Tesla Manufacturing Brandenburg SE, subsidiary of Defendant-Appellant Tesla, Inc.

390. Tesla Manufacturing Mexico, S. de R.L. de C.V., subsidiary of Defendant-Appellant Tesla, Inc.

391. Tesla Manufacturing Mexico Holding, S. de R.L. de C.V., subsidiary of Defendant-Appellant Tesla, Inc.

392. Tesla Michigan, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

393. Tesla Mississippi LLC, subsidiary of Defendant-Appellant Tesla, Inc.

394. Tesla Morocco SARL, subsidiary of Defendant-Appellant Tesla, Inc.

395. Tesla Motors Australia, Pty Ltd, subsidiary of Defendant-Appellant Tesla, Inc.

396. Tesla Motors Austria GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

397. Tesla Motors(Beijing) Co., Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

398. Tesla Motors Canada ULC, subsidiary of Defendant-Appellant Tesla, Inc.

399. Tesla Motors Colombia S.A.S, subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

400. Tesla Motors Holding B.V., subsidiary of Defendant-Appellant Tesla, Inc.

401. Tesla Motors Denmark ApS, subsidiary of Defendant-Appellant Tesla, Inc.

402. Tesla Motors FL, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

403. Tesla Motors HK Limited, subsidiary of Defendant-Appellant Tesla, Inc.

404. Tesla Motors Iceland ehf., subsidiary of Defendant-Appellant Tesla, Inc.

405. Tesla Motors Ireland Limited, subsidiary of Defendant-Appellant Tesla, Inc.

406. Tesla Motors Israel Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

407. Tesla Motors Japan GK, subsidiary of Defendant-Appellant Tesla, Inc.

408. Tesla Motors Limited, subsidiary of Defendant-Appellant Tesla, Inc.

409. Tesla Motors Luxembourg S.à r.l., subsidiary of Defendant-Appellant Tesla, Inc.

410. Tesla Motors MA, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

411. Tesla Motors Netherlands B.V., subsidiary of Defendant-Appellant Tesla, Inc.

412. Tesla Motors New York LLC, subsidiary of Defendant-Appellant Tesla, Inc.

413. Tesla Motors NL LLC, subsidiary of Defendant-Appellant Tesla, Inc.

414. Tesla Motors NV, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

415. Tesla Motors PA,Inc., subsidiary of Defendant-Appellant Tesla, Inc.

416. Tesla Motors Philippines Inc., subsidiary of Defendant-Appellant Tesla, Inc.

417. Tesla Motors Romania S.R.L., subsidiary of Defendant-Appellant Tesla, Inc.

418. Tesla Motors Sales and Service LLC, subsidiary of Defendant-Appellant Tesla, Inc.

419. Tesla Motors Singapore Holdings Pte. Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

420. Tesla Motors Singapore Private Limited, subsidiary of Defendant-Appellant Tesla, Inc.

421. Tesla Motors Stichting, subsidiary of Defendant-Appellant Tesla, Inc.

422. Tesla Motors Taiwan Limited, subsidiary of Defendant-Appellant Tesla, Inc.

423. Tesla Motors TN, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

424. Tesla Motors TX,Inc., subsidiary of Defendant-Appellant Tesla, Inc.

425. Tesla Motors UT,Inc., subsidiary of Defendant-Appellant Tesla, Inc.

426. Tesla Nambe LLC, subsidiary of Defendant-Appellant Tesla, Inc.

427. Tesla New Zealand ULC, subsidiary of Defendant-Appellant Tesla, Inc.

428. Tesla Norway AS, subsidiary of Defendant-Appellant Tesla, Inc.

*Benavides v. Tesla, Inc.*, No. 26-10858

429. Tesla Poland sp. z o.o., subsidiary of Defendant-Appellant Tesla, Inc.

430. Tesla Power Marketing, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

431. Tesla Property &Casualty, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

432. Tesla Portugal, Sociedade Unipessoal LDA, subsidiary of Defendant-Appellant Tesla, Inc.

433. Tesla Puerto Rico LLC, subsidiary of Defendant-Appellant Tesla, Inc.

434. Tesla Qatar LLC, subsidiary of Defendant-Appellant Tesla, Inc.

435. Tesla Rental LLC, subsidiary of Defendant-Appellant Tesla, Inc.

436. Tesla Residential Energy Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

437. Tesla Residential Energy Leasing, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

438. Tesla Robotaxi, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

439. Tesla Sales, Inc., subsidiary of Defendant-Appellant Tesla, Inc.

440. Tesla Sdn. Bhd., subsidiary of Defendant-Appellant Tesla, Inc.

441. Tesla (Shanghai) Co., Ltd, subsidiary of Defendant-Appellant Tesla, Inc.

442. Tesla (Shanghai) New Energy Co., LTD., subsidiary of Defendant-Appellant Tesla, Inc.

443. Tesla Slovakia s.r.o., subsidiary of Defendant-Appellant Tesla, Inc.

444. Tesla Spain, S.L. Unipersonal, subsidiary of Defendant-Appellant Tesla, Inc.

445.   Tesla Solar Systems, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

446.   Tesla Sustainable Energy Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

447.   Tesla Sustainable Energy Trust 2024-1, subsidiary of Defendant-Appellant Tesla, Inc.

448.   Tesla Switzerland GmbH, subsidiary of Defendant-Appellant Tesla, Inc.

449.   Tesla (Thailand) Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

450.   Tesla TH1 LLC, subsidiary of Defendant-Appellant Tesla, Inc.

451.   Tesla Toronto Automation ULC, subsidiary of Defendant-Appellant Tesla, Inc.

452.   Tesla US Property Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

453.   Tesla Wholesale Energy Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

454.   The Big Green Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

455.   The Big Green Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

456.   Three Rivers Solar 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

457.   Three Rivers Solar 2, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

458.   Three Rivers Solar 3, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

459. Three Rivers Solar Manager 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

460. Three Rivers Solar Manager 2, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

461. Three Rivers Solar Manager 3, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

462. TM International C.V., subsidiary of Defendant-Appellant Tesla, Inc.

463. TM Sweden AB, subsidiary of Defendant-Appellant Tesla, Inc.

464. Torres, Hon. Edwin G., U.S. Magistrate Judge for the Southern District of Florida.

465. TSET Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

466. Tesla Uruguay S.A.S., subsidiary of Defendant-Appellant Tesla, Inc.

467. USB SolarCity Manager IV, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

468. USB SolarCity Owner IV, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

469. Visigoth Solar 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

470. Visigoth Solar Holdings, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

471.  Visigoth Solar Managing Member 1, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

472. VPP Project 1 (SA) Pty Ltd., subsidiary of Defendant-Appellant Tesla, Inc.

473. Wall, Jeffrey B., counsel for Defendant-Appellant Tesla, Inc.

474. Weisshorn Solar I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

475. Weisshorn Solar Manager I, LLC, subsidiary of Defendant-Appellant Tesla, Inc.

476. Zep Solar LLC, subsidiary of Defendant-Appellant Tesla, Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ii

INTEREST OF *AMICI CURIAE*, STATEMENT OF ISSUES, AND
SUMMARY OF ARGUMENT ...................................................................... 1

ARGUMENT ..................................................................................................3

I.   Excessive punitive damages deter important innovation that
     benefits society. .............................................................................. 4

II.  Recognizing the danger in excessive punitive damages,
     Florida has cabined punitive damages through legislation. ........... 9

     A.   Florida sets a high threshold for punitive damages............. 10

     B.   At minimum, Florida law requires subjective
          recklessness, not mere knowledge and inaction for
          punitive damages to be available. ...................................... 11

III. The district court did not properly apply Florida's caps on
     punitive damages. ........................................................................ 16

     A.   The cap imposed by Fla. Stat. § 768.73 is set to *net*
          compensatory damages, not gross compensatory
          damages.............................................................................. 17

CONCLUSION .............................................................................................19

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Cyanamid Co. v. Roy,*
  498 So. 2d 859 (Fla. 1986) .......................................................15

*Am. Motors Corp. v. Ellis,*
  403 So. 2d 459 (Fla. 5th DCA 1981) ....................................13

*Benavides v. Tesla, Inc.,*
  804 F. Supp. 3d 1242 (S.D. Fla. 2025).................................11

*Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.,*
  492 U.S. 257 (1989)...................................................................5

*Chrysler Corp. v. Wolmer,*
  499 So. 2d 823 (Fla. 1986) ............................................ 12, 15

*Coates v. R.J. Reynolds Tobacco Co.,*
  375 So. 3d 168 (Fla. 2023) .......................................................17

*Conage v. United States,*
  346 So. 3d 594 (Fla. 2022) .......................................................17

*Elec. Boat Corp. v. Fallen,*
  343 So. 3d 1218 (Fla. 4th DCA 2022) ....................................10

*Hanna v. Martin,*
  49 So. 2d 585 (Fla. 1950) .........................................................4

*Jeep Corp. v. Walker,*
  528 So. 2d 1203 (Fla. 4th DCA 1988) ...................... 10, 11, 13

*Johns-Manville Sales Corp. v. Janssens,*
  463 So. 2d 242 (Fla. 1st DCA 1984)........................................14

*Kerrivan v. R.J. Reynolds Tobacco Co.,*
  953 F.3d 1196 (11th Cir. 2020)................................................18

*Kobar ex rel Kobar v. Novartis Corp.,*
  378 F. Supp. 2d 1166 (D. Ariz. 2005)......................................5

*MCI Worldcom Network Servs., Inc. v. Mastec, Inc.,*
  995 So. 2d 221 (Fla. 2008) .......................................................4

*Moradiellos v. Gerelco Traffic Controls, Inc.,*
  176 So. 3d 329 (Fla. 3d DCA 2022)........................................10

*Mosser v. Fruehauf Corp.,*
  940 F.2d 77 (4th Cir. 1991)......................................................5

*R.J. Reynolds Tobacco Co. v. Townsend,*
  118 So. 3d 844 (Fla. 1st DCA 2013)........................................18

*Radiation Tech., Inc. v. Ware Const. Co.,*
    445 So. 2d 329 (Fla. 1983) ........................................................14
*Roginsky v. Richardson-Merrell, Inc.,*
    378 F.2d 832 (2d Cir. 1967) ......................................................4, 6
*Tesla, Inc. v. Banner,*
    411 So. 3d 1 (Fla. 4th DCA 2025) ...........................................11
*Toyota Motor Co. v. Moll,*
    438 So. 2d 192 (Fla. 4th DCA 1983) .......................................13
*Valladares v. Bank of Am. Corp.,*
    197 So. 3d 1 (Fla. 2016) ............................................................11

## Statutes

Ala. Code § 6-11-20.....................................................................3
Ala. Code § 6-11-21.....................................................................2
Fla. Stat. § 768.72 ................................................ 2, 9, 10, 11, 12
Fla. Stat. § 768.725 .....................................................................9
Fla. Stat. § 768.73 ........................................................... 9, 16, 17
Fla. Stat. § 768.735 .....................................................................9
Fla. Stat. § 768.736 .....................................................................9
Fla. Stat. § 768.73 ..............................................................2, 10
Ga. Code § 51-12-5.1...................................................................3

## Other Authorities

Bruce N. Kuhlik & Richard F. Kingham, *The Adverse Effects of
    Standardless Punitive Damage Awards on Pharmaceutical
    Development and Ava*ilability,
    45 Food Drug Cosm. L.J. 693 (1990) ...................................7, 8
CDC, *Accidents or Unintentional Injuries* (Feb. 18, 2026),
    https://perma.cc/U7U2-D2GJ ..................................................8
Entitle, *Cambridge Dictionary*..............................................17
Entitled, *Collins Dictionary* ..................................................17
Entitled, *Dictionary.com* ........................................................17
Entitled, *Merriam-Webster.com Dictionary*...........................17
Florida Department of Highway Safety and Motor Vehicles, *Florida
    Traffic Crash Facts Annual Report 2024,* https://perma.cc/H8LT-
    8FUC. .........................................................................................8

John C.P. Goldberg & Benjamin C. Zipursky, *The Oxford Introduction to U.S. Law: Torts* (2010)......................................................................4

Richard J. Mahoney & Stephen E. Littlejohn, *Innovation on Trial: Punitive Damages Versus New Products*, 246 Sci. 1395 (1989)............... 6 ,8

William M. Landes & Richard A. Posner, *An Economic Theory of Intentional Torts*,
1 Int'l. Rev. L. & Econ., 127 (1981).......................................................4

## INTEREST OF *AMICI CURIAE*, STATEMENT OF ISSUES, AND SUMMARY OF ARGUMENT

At its best, the Anglo-American tort system accomplishes two goals: compensating the victims of tortfeasors and deterring tortious misconduct by subjecting potential tortfeasors to liability.  But when the tort system misfires by improperly imposing liability or granting excessive damages, it deters socially beneficial conduct such as the development of life-saving technology.

Below, the tort system misfired.  Florida, Alabama, and Georgia agree with Tesla's position that it should not be liable at all in this case under standard negligence principles.  It was the driver, not the Tesla, that was clearly at fault for the harm inflicted.  *See* CA11-DE32 at 29–46.  At minimum, the Court should vacate given the trial court's admission of irrelevant and prejudicial evidence.  *See id*. at 46–53.  *Amici* focus on another important issue implicated in this case:  the misuse of punitive damages and its harmful effects on society as a whole.

Punitive damages—which definitionally exceed compensatory damages—play a role in deterring tortious misconduct.  But only when properly awarded.  When punitive damages are excessive or applied to unintentional misconduct, manufacturers charge higher prices,

1

withdraw products, or choose not to develop innovative products. Consumers—not alleged tortfeasors—experience real harm due to limited access to products, even those that improve safety or health. These are real costs to real people.

Florida has taken great strides to construct a tort system that accomplishes its principal objectives but mitigates against the excesses that perpetuate these downstream harms. It enacted sophisticated tort reform to limit punitive damages generally to "intentional misconduct or gross negligence," which in turn requires that a party engage in at least reckless conduct. Fla. Stat. § 768.72. It also imposed caps on punitive damages. Fla. Stat. § 768.73.

Below, the district court ignored these safeguards. It allowed Plaintiffs' punitive damages claim to proceed based on evidence of Tesla's mere knowledge of potential defects and inaction—without further proof that Tesla acted recklessly. And the court erred by failing to limit punitive damages to three times Plaintiffs' *net* compensatory damages, as required by law.

Florida has made the deliberate policy decision to protect Florida consumers and residents from the negative impacts of nuclear verdicts.

2

So too have Alabama and Georgia. *See* Ala. Code §§ 6-11-20, 6-11-21; Ga. Code § 51-12-5.1. Those conscious legislative decisions were ignored here. The States therefore have an interest in ensuring federal courts properly enforce their laws.

## ARGUMENT

Florida enacted sweeping tort reform to rein in the societal harms that stem from excessive punitive damages. Punitive damages are damages over and above those necessary to compensate the victim of a tort. Sometimes those punitive damages are necessary to deter especially egregious misconduct that society wishes to prevent, but the risk of excessive punitive damages also imposes a cost on society by deterring socially beneficial conduct. As a result, the Florida Legislature enacted a sophisticated legislative scheme to cabin and channel punitive damages to their proper scope and to reduce any downstream costs and unavailability of innovative products.

The district court disregarded that legislative scheme. It allowed Plaintiffs to proceed with a punitive damages claim without clearing the high threshold set by the Florida Legislature. At minimum, the district court erred by failing to apply the Florida Legislature's caps on punitive

3

damages to three times the *net* compensatory damages recovered by Plaintiffs.

## I. Excessive punitive damages deter important innovation that benefits society.

The tort system has long compensated those injured by the wrong-doing of others. *See* John C.P. Goldberg & Benjamin C. Zipursky, *The Oxford Introduction to U.S. Law: Torts* 9–14 (2010). The ordinary meas-ure of damages is compensatory damages, which seeks to fully remedy the injured party. *MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 224 (Fla. 2008) (compensatory damages "awarded should be equal to and precisely commensurate with the injury sustained" (quot-ing *Hanna v. Martin*, 49 So. 2d 585, 587 (Fla. 1950))).  By forcing a tort-feasor to bear the cost of his wrongdoing, that compensation also acts as a deterrent to wrongdoing.  *See generally* William M. Landes & Richard A. Posner, *An Economic Theory of Intentional Torts*, 1 Int'l Rev. L. & Econ. 127, 127–54 (1981).

Punitive damages outstrip compensation.  They were originally de-veloped to deter certain types of trespass, where "the small injury done to the plaintiff," would mean that compensatory damages were too small

to deter "socially disapproved conduct." *Roginsky v. Richardson-Merrell, Inc.*, 378 F.2d 832, 838 (2d Cir. 1967) (Friendly, J.).

Punitive damages therefore filled an important gap in the tort system. But punitive damages deter socially beneficial behavior when they become excessive. Excessive punitive damages either raise the costs of socially beneficial products or drive them out of the market entirely. *Id.* at 841. Worse, the "threat of such enormous awards has a detrimental effect on the research and development of new products," discouraging the introduction of "a new pill . . . into the market," or forcing "designers of airplanes and motor vehicles . . . to abandon new projects for fear of lawsuits that can often lead to awards of punitive damages." *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 282 (1989) (O'Connor, J., concurring in part and dissenting in part); *see also Mosser v. Fruehauf Corp.*, 940 F.2d 77, 87–88 (4th Cir. 1991) ("Punitive damages involve a quantum leap up in the condemnation of corporate conduct and '[t]he threat of such enormous awards has a detrimental effect on the research and development of new products.'"); *Kobar ex rel. Kobar v. Novartis Corp.*, 378 F. Supp. 2d 1166, 1176 (D. Ariz. 2005) (noting "the chilling effect that punitive damages can have on the development of new

drugs, the delay that punitive damages can potentially cause in new drugs becoming publicly available, and the increased cost to the public of those drugs once they become publicly available"). In all cases, the costs are "passed on to the consuming public" in the form of higher costs or products that are withdrawn or never even developed. *Roginsky*, 378 F.2d at 841. Those costs are no less real than the underlying tort.

Another reason for Florida's reform efforts was the reality that the social costs of excessive punitive damages are particularly difficult to discern through courtroom fact-finding. A judicial factfinder decides concrete cases involving discrete misconduct by particular wrongdoers. And even if a judicial factfinder could competently determine the optimal aggregate punitive damages, it would be "unrealistic" for judicial factfinders to coordinate and reduce punitive damage amounts to the correct pro rata share of that amount across several lawsuits over the same product. *See id.* at 840.

The harms excessive punitive damages inflict are not hypothetical. Surveys of company leadership show that "uncertainty over product liability had led almost 50% of the responding companies to discontinue product lines, nearly 40% to withhold new products, including beneficial

6

drugs, and 25% to discontinue product research." Richard J. Mahoney & Stephen E. Littlejohn, *Innovation on Trial: Punitive Damages Versus New Products*, 246 Sci. 1395, 1395 (1989). It was precisely these types of concerns that Florida sought to address through its tort reforms.

For pharmaceuticals, skyrocketing punitive damage claims "have deprived patients of significant existing therapies, and have inhibited research and development concerning new therapies." Bruce N. Kuhlik & Richard F. Kingham, *The Adverse Effects of Standardless Punitive Damage Awards on Pharmaceutical Development and Availability*, 45 Food Drug Cosm. L. J. 693, 698 (1990). Medical associations and an FDA expert body agreed that "new products are not being developed or are being withheld from the market because of liability concerns," and in some cases "older technologies have been removed from the market, not because of sound scientific evidence indicating lack of safety or efficacy, but because product liability suits have exposed manufacturers to unacceptable financial risks." *Id*. at 699.

The threat of excessive punitive damages, moreover, disproportionately affects the drivers of innovation. As just one example, the threat of punitive damages affects decisions "concerning research and commercial

7

development of new products" of "small biotechnology firms, which often are often at the cutting edge of innovation." *Id.* at 704. Those threats also make "universities . . . reluctant to license patents to small companies, fearing that plaintiffs may find colleges' deeper pockets more attractive targets for lawsuits." Mahoney, *supra*, at 1397.

The costs of excessive deterrence are particularly high here, where they inhibit improvements in automobile safety technology. The third-leading cause of death in the United States is unintentional injuries—nearly a quarter of those are motor vehicle traffic deaths. *See* CDC, *Accidents or Unintentional Injuries* (Feb. 18, 2026), https://perma.cc/U7U2-D2GJ. In 2024 alone, 3,098 Floridians died in fatal crashes, and 14,026 Floridians suffered incapacitating injuries requiring hospitalizations and medical transport. *See* Florida Department of Highway Safety and Motor Vehicles, *Florida Traffic Crash Facts Annual Report 2024* 5, 8, https://perma.cc/H8LT-8FUC.[1] Technologies that help prevent car crashes and reduce injuries are literally a matter of life and death.

A court that permits unjustified punitive damages against car manufacturers based on their attempts to innovate in the car safety space

---

[1] 2024 is the most recent data available.

8

reduces, if not destroys, the manufacturers' incentives to continue innovating. It is a valid goal for a state to encourage innovation that could reduce injuries and deaths. Limiting punitive damages is one such method.

## II. Recognizing the danger in excessive punitive damages, Florida has cabined punitive damages through legislation.

Florida addressed these policy concerns head on. *First*, Florida cabined punitive damages to situations of "intentional misconduct or gross negligence," Fla. Stat. § 768.72, injuries caused by those intoxicated by alcohol or drugs, Fla. Stat. § 768.736, or where the misconduct injured traditionally vulnerable individuals like children, elders, or the developmentally disabled, Fla. Stat. § 768.735. *Second*, Florida required a plaintiff to establish his entitlement to punitive damages by the heightened "clear and convincing evidence" standard. Fla. Stat. § 768.725. *Finally*, even if a plaintiff clears those hurdles, Florida presumptively caps punitive damages at established limits. Fla. Stat. § 768.73. This interlocking statutory scheme serves to protect the people of Florida from the negative effects of excessive punitive damages.

### A.    Florida sets a high threshold for punitive damages.

The keystone of Florida's statutory scheme for limiting punitive damages is the intent threshold, which must be proven by clear and convincing evidence.  *See* Fla. Stat. § 768.72.  That provision requires that any punitive damages be justified by "intentional misconduct or gross negligence."    Fla. Stat. § 768.72(2).  "[I]ntentional misconduct" occurs when a defendant "had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage."    Fla. Stat. § 768.72(2)(a).  A defendant commits "[g]ross negligence" when "the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct."  Fla. Stat. § 768.72(2)(b).[2]

These high standards prohibit punitive damages for product liability unless the manufacturer "was deliberately attempting to maim or kill"

---

[2] The statutory definition of "gross negligence" tracks the proper common law definition of gross negligence as requiring a "conscious disregard of the consequences." *Elec. Boat Corp. v. Fallen,* 343 So. 3d 1218, 1220 (Fla. 5th DCA 2022) (quoting *Moradiellos v. Gerelco Traffic Controls, Inc.*, 176 So. 3d 329, 335 (Fla. 3d DCA 2015).

its consumer. *Jeep Corp. v. Walker*, 528 So. 2d 1203, 1206 (Fla. 4th DCA 1988). In other words, the key question is "whether the car manufacturer exhibited a reckless disregard for human life equivalent to manslaughter by designing and marketing the vehicle." *Tesla, Inc. v. Banner*, 411 So. 3d 1, 4 (Fla. 4th DCA 2025)*, reh'g denied* (May 5, 2025)*, review dismissed,* No. SC2025-0672, 2025 WL 1911992 (Fla. July 11, 2025) (cleaned up). Unsurprisingly, Florida courts have recognized that the "Florida Supreme Court has all but eliminated punitive damage awards in products liability cases." *Banner*, 411 So. 3d at 5 (quoting *Jeep Corp.*, 528 So. 2d at 1205).

### B. At minimum, Florida law requires subjective recklessness, not mere knowledge and inaction for punitive damages to be available.

The district court erred when it permitted Plaintiffs to proceed with their punitive damages claim based solely on evidence that Tesla had actual knowledge of a potential danger and failed to act to prevent it. *Benavides v. Tesla, Inc.*, 804 F. Supp. 3d 1242, 1313–14 (S.D. Fla. 2025).

Florida law requires at least subjective recklessness, not mere negligence, as the basis for punitive damages. Fla. Stat. § 768.72. The Florida Supreme Court required the necessary level of culpability for punitive

11

damages to be "equivalent to the conduct involved in criminal man-slaughter." *Valladares v. Bank of Am. Corp.*, 197 So. 3d 1, 11 (Fla. 2016).[3] To obtain punitive damages, then, the tortfeasor must have *consciously* disregarded life, safety, or the rights of others. Merely acting negligently is insufficient.

Plaintiffs did not attempt to prove that Tesla consciously disregarded the safety of others, but rather that Tesla knew of a defect that *could* cause injuries and deaths but continued to market its product. SDFL-DE602at 49. In doing so, Plaintiffs incorrectly characterize a line of Florida cases—originating from the case of *Johns-Mansville*—to adduce the principle that mere knowledge of a defect plus continued marketing of the product suffices for punitive damages. *Id.*

That errs multiple times over. *First*, that characterization of the caselaw ignores that the Florida Supreme Court has all but cabined that line of cases to the "inherently dangerous" products situation and has expressly excluded it from applying to automobiles that have undergone safety testing. *See Chrysler Corp. v. Wolmer*, 499 So. 2d 823, 826 (Fla.

---

[3] *Valladares* also confirms that case law prior to the enactment of Fla. Stat. § 768.72 remains good law.

1986) (refraining from "addressing the propriety of the *Johns-Manville* standard as applied to inherently dangerous products such as the asbestos involved" but finding "that standard to be clearly erroneous when applied to a claim that a motor vehicle was insufficiently crashworthy when precautions had been taken to insure its crashworthiness."). That makes sense: manufacturers are on notice for inherently dangerous products, so failing to take precautions is likely reckless. Plaintiffs' complaint is that Tesla failed to perform *enough* safety testing—not that it performed no safety testing—so *Johns-Manville*'s standard does not apply.

*Second*, even if the *Johns-Mansville* line of cases applied to automobiles, that line of cases has always required more than mere knowledge of a defect and corresponding failure to act. It requires the defendant to have acted with reckless or wanton disregard of the public's safety. Florida courts have always recognized that punitive damages could only be available in the automobile manufacturing context where there is some "reckless disregard," or "wanton disregard." *Am. Motors Corp. v. Ellis*, 403 So. 2d 459, 467 (Fla. 5th DCA 1981); *Toyota Motor Co. v. Moll*, 438 So. 2d 192, 195 (Fla. 4th DCA 1983). But merely "continuing, without warning, to market a vehicle" with a dangerous propensity "after

13

it well knew of this most dangerous infirmity," without more, cannot justify an award of punitive damages. *Jeep Corp.*, 528 So. 2d at 1206.

Otherwise, the *Johns-Manville* line of cases transforms the punitive damages threshold into a mere negligence standard. For example, it's possible to be aware of a defect and negligently fail to address it because of an underestimation of the risk or overestimation of the benefits of keeping the alleged defect in the product. In other cases, not fixing the risk may not even be negligent where it is a tradeoff against another risk. For instance, there may not be "other, safer products" that "meet the same need," or it may not be possible "to eliminate or minimize the danger without seriously impairing the product or making it unduly expensive." *Radiation Tech., Inc. v. Ware Const. Co.*, 445 So. 2d 329, 331 (Fla. 1983). A rule that automatically requires action upon knowledge of a defect also disincentivizes discovering defects and might over-incentivize changing the product, even where the change *reduces* safety.

The "reckless disregard" or "wanton disregard," standard, by contrast, requires subjective wrongdoing. Even *Johns-Manville*, read correctly, required some subjective wrongdoing, such as the failure to make "feasible modifications," "intentionally t[aking] steps to cover up the

14

known danger in order to protected continued marketing of the product for its own economic advantage," or making a "deliberate business decision not to warn the users of its products to take some measures of protection from potentially harmful effects of prolonged exposure" to inherently dangerous products. *Johns-Manville Sales Corp. v. Janssens*, 463 So. 2d 242, 249, 251 (Fla. 1st DCA 1984). Those kinds of actions demonstrate an affirmative deliberateness beyond mere inaction.

Even if it were appropriate for Plaintiffs' punitive damages claim to proceed based only on knowledge and failure to act, Tesla's compliance with government-blessed industry standards should preclude punitive damages. In the automobile context, meeting performance standards set by the government is weighty evidence that the manufacturer did not act with requisite recklessness. The Florida Supreme Court has held that where an automobile manufacturer "satisfied . . . performance standards during its compliance test," the manufacturer failed to act "with a wanton disregard for life equivalent to manslaughter." *Chrysler Corp.*, 499 So. 2d at 826. The Florida Supreme Court has also explained that compliance "may certainly bear on whether a party's behavior represents such an extreme departure from accepted standards of care as to justify

15

punitive damages." *Am. Cyanamid Co. v. Roy*, 498 So. 2d 859, 863 (Fla. 1986).  Here, it is highly relevant that Tesla complied with SAE Level 2, a standard endorsed by the federal regular, the National Highway Traffic Safety Administration.  *See* SDFL-DE591 at 12–29, 57; CA11-DE32 at 15, 20–21.  Indeed, Plaintiffs could not identify a single car model then in existence in 2019 that would have stopped, on its own, under the conditions present in this case.  SDFL-DE591 at 27; CA11-DE32 at 35–36.  Even if knowledge plus inaction is enough for punitive damages, the fact that Tesla complied with industry standards should have foreclosed any attempt by Plaintiffs to seek punitive damages.

III.  **The district court did not properly apply Florida's caps on punitive damages.**

Under Fla. Stat. § 768.73(1)(a), "an award of punitive damages may not exceed the greater of" "[t]hree times the amount of compensatory damages awarded to each claimant entitled thereto," or "[t]he sum of $500,000."[4]  The judgement below exceeded this cap.  That was error.

---

[4] Except for circumstances that Plaintiffs did not attempt to prove exist here.  *See* Fla. Stat. §§ 768.73(1)(b)–(c).

16

**A.      The cap imposed by Fla. Stat. § 768.73 is set to *net* compensatory damages, not gross compensatory damages.**

Contrary to what Plaintiffs argued and what the district court accepted, the punitive damages cap in Fla. Stat. § 768.73 is based on the net compensatory damages awarded, not the gross compensatory damages unreduced by comparative negligence.  In Florida, courts "presume that [a statutory] term bears its ordinary meaning at the time of enactment, taking into consideration the context in which the word appears." *Conage v. United States*, 346 So. 3d 594, 599 (Fla. 2022).  Courts "typically look to dictionaries for the best evidence of that ordinary meaning." *Id.*  Here, the key statutory term, "entitled," means to have a "right to certain benefits or privileges."  Entitled, *Merriam-Webster.com Dictionary*; Entitled, *Dictionary.com* ("having a right or legitimate claim to something."); Entitle, *Cambridge Dictionary* ("to give someone the right to do or have something."); Entitled, *Collins Dictionary* ("having the right or permission to do or receive something").  A plaintiff does not have *a right* to gross compensatory damages; it has a right only to the compensatory damages net of comparative fault.  That is the amount reduced to a judgment for which a party has a *legal right* to.  *See also Coates v. R.J.*

17

*Reynolds Tobacco Co.*, 375 So. 3d 168, 173 (Fla. 2023) (using the net compensatory award as benchmark).

Plaintiffs' policy argument, that tying the punitive damage cap to net compensatory damages instead of gross compensatory damages would reduce the deterrent effect on the tortfeasor and others, SDFL-DE602 at 57–58, ignores Florida's purpose in enacting the punitive caps. Additionally, punitive damages are awarded only for extremely blameworthy intentional misconduct. *Supra* 9–17. Punitive caps already operate to limit damages for egregious behavior. It makes little sense that Florida would limit punitive damages for the intentional egregious misconduct of a party but allow the cap to rise based on the wrongdoing of another party.

Plaintiffs' Florida authorities are distinguishable. In *R.J. Reynolds Tobacco Co. v. Townsend*, the court noted only that using the gross compensatory damages as the benchmark for punitive damages was "the law of the case," since "Appellant did not challenge" the use of the gross compensatory damages. 118 So. 3d 844, 847 (Fla. 1st DCA 2013). And in *Kerrivan v. R.J. Reynolds Tobacco Co.*, this Court did not evaluate the

18

ratios (which fell below 3:1 in all permutations) under Florida law, but under the Due Process clause. 953 F.3d 1196, 1210 (11th Cir. 2020).

## CONCLUSION

The Court should reverse and direct entry of judgment for Tesla or vacate and remand for a new trial. But should the Court affirm the district court on liability, the Court should reverse the district court's grant of punitive damages or, at minimum, reduce the punitive damages to three times the net compensatory damages.

Dated: July 9, 2026

Respectfully submitted,

JAMES UTHMEIER
  *Attorney General*

RYAN D. NEWMAN
  *Chief Deputy Attorney General*

*/s/ David M.S. Dewhirst*
DAVID M.S. DEWHIRST
  *Solicitor General*
JASON J. MUEHLHOFF
  *Chief Deputy Solicitor General*
VINCENT H. LI
  *Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*david.dewhirst@myfloridalegal.com*

*Counsel for Amicus Curiae*

20

# ADDITIONAL SIGNATORIES

STEVE MARSHALL
Attorney General
State of Alabama

CHRIS CARR
Attorney General
State of Georgia

21

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Federal Rule of Appellate Procedure 29(b)(4) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 3,613 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ David M.S. Dewhirst*
Solicitor General

22

## CERTIFICATE OF SERVICE

I certify that on July 9, 2026, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ David M.S. Dewhirst*
Solicitor General